**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1869-17T3

MAUREEN MCGUIGAN,

     Plaintiff-Respondent,

v.

SAJUT S. BENIPAL and
WILLS TRUCKING, INC.,

     Defendants.

_____

CONRAD J. BENEDETTO,

     Appellant.

_____

Argued November 15, 2018 – Decided May 23, 2019

Before Judges Simonelli and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-3514-09.

Anthony Scordo argued the cause for appellant (Conrad J. Benedetto, attorney; Conrad J. Benedetto, on the brief).

Mark J. Molz argued the cause for respondent.

PER CURIAM

Appellant Conrad J. Benedetto appeals from the September 18, 2017 Law Division order requiring him to return an enhanced attorney's fee to his former client, plaintiff Maureen McGuigan. Benedetto also appeals from the November 20, 2017 order denying his motion for reconsideration. We affirm for reasons in addition to those expressed by the trial court. See Aquilio v. Cont'l Ins. Co. of N.J., 310 N.J. Super. 558, 561 (App. Div. 1998).

On November 2, 2007, McGuigan retained Benedetto to represent her in a personal injury matter arising from a motor vehicle accident that occurred on October 23, 2007. McGuigan signed a contingency fee agreement, which provided for payment of an attorney's fee of "33 1/3% of whatever may be recovered from said claim by suit, settlement, or any other manner." McGuigan lived and worked in New Jersey at the time of the accident, but later moved to Kansas and then to the Kyrgyz Republic in central Asia.

The case settled for $425,000 on July 3, 2012. Benedetto sent the settlement documents to McGuigan at her address in Kansas; however, the documents were returned to Benedetto because McGuigan no longer resided there. The outside of the envelope containing the documents was stamped:

"RETURNED TO SENDER UNDELIVERABLE AS ADDRESSED UNABLE TO FORWARD."

As of July 9, 2012, Benedetto was aware that McGuigan no longer resided at the Kansas address. The parties communicated thereafter via email. In an August 14, 2012 email, Benedetto asked McGuigan to contact him, stating: "I am still waiting to hear from you about how we are going to do distribution [of the settlement proceeds] before you leave the states." In an August 21, 2012 email, Benedetto advised McGuigan: "As of this said date I still have not heard from you. Upon your receipt of the same please call me as soon as possible." In an August 21, 2012 email, McGuigan responded: "Heard from me about what? I sent you the notarized paperwork. I no longer have an address so don't try sending anything to [K]ansas, [N]ew [J]ersey or [P]ennsylvania[.]" (Emphasis added). McGuigan also advised: "I also do not have a phone nor phone number from which to call . . . at the moment (& [I']m not sure when I will)."

In a September 5, 2012 email, Benedetto asked McGuigan to provide an address. In an October 4, 2012 email, Benedetto advised McGuigan he would petition the court for direction in making a distribution of the settlement proceeds and seek enhanced attorney's fees "for the additional work necessary

A-1869-17T3

in this matter." In an October 4, 2012 email, McGuigan responded: "I don't know where to send anything. I don't have an address for you to send anything [to]. You chose the timing for closing/settlement of the case & now you want to charge me more because I don't have an address (as I already communicated)?" In an October 6, 2012 email, Benedetto responded: "If you cannot provide me with an address I will have to seek direction from the [c]ourt on completing distribution [of the settlement proceeds]." Benedetto did not reiterate he would seek an enhanced fee.

On November 21, 2012, Benedetto filed a motion to authorize distribution of the settlement proceeds. He also requested an enhanced fee pursuant to Rule 1:21-7(f) based on alleged additional work he performed due to McGuigan's failure to cooperate and communicate with him. Benedetto submitted an unsigned distribution list showing the following:

| | |
|---|---|
| Gross Settlement | $425,000.00 |
| Costs Reimbursed | $ 15,139.46 |
| Subtotal | $409,860.54 |
| Attorney's Fee 33 1/3% | $136,483.55 |
| Subtotal | $273,376.99 |
| New Jersey State Workman's Comp Lien Total of $376,064.05 Reduced to | $128,000.00 |
| Amount of Settlement To Client | $145,376.99 |

Benedetto also submitted an unsigned itemization of the costs, which totaled $15,139.46, but did not submit supporting documentation.

Despite knowing McGuigan did not live in Kansas, Benedetto served the motion on her by regular mail at her former Kansas address. Benedetto claimed to have also served McGuigan by email; however, there is no email confirmation in the record. In addition, Benedetto sent a December 6, 2012 email to McGuigan at the wrong email address, which notified her of the motion hearing date.

In a December 7, 2012 order, the trial court granted Benedetto's unopposed motion. The court concluded that Benedetto "was required to expend[] more time than the usual time and funds to bring this matter to a close and as such is entitled to increased legal fees pursuant to [Rule] 1:21-7(f)." The court also concluded that "due to the excessive work that was performed that normally would not have to be performed in the normal course of litigation, the legal fees are hereby increased as reflected in the disbursement schedule[.]" The court did not cite to any evidence in the record supporting these conclusions, and the record does not indicate why the court awarded Benedetto an enhanced fee of $28,000. There is no evidence that Benedetto served the order on McGuigan.

A-1869-17T3

Benedetto deposited the remaining settlement proceeds in a bank account but did not disburse the proceeds to McGuigan. The parties thereafter discussed distribution, but could not reach an agreement. During these discussions, McGuigan discovered the court had awarded Benedetto an enhanced fee of $28,000.

McGuigan filed a motion to vacate the December 7, 2012 order and compel Benedetto to turn over all settlement proceeds and provide a schedule of itemized costs together with supporting documentation. She certified that she never received Benedetto's motion, objected to the enhanced fee and costs, and requested immediate disbursement of the settlement proceeds to her.

In an August 21, 2015 order, the court granted the motion in part and denied it in part. The court compelled Benedetto to immediately turn over the settlement proceeds to McGuigan and provide a complete itemized schedule of costs along with supporting documentation. The court directed the parties to contact the court if this ruling did not resolve the matter.

The matter was not resolved. On February 29, 2016, McGuigan filed an order to show cause to compel Benedetto to disburse the settlement proceeds and return the enhanced fee to her. In a June 24, 2016 order, the court required

Benedetto to immediately deposit $34,000 in a New Jersey IOLTA trust account and provide all billing and proof of payment for all claimed costs.

After unsuccessful settlement negotiations, McGuigan asked the court to decide her application. In a September 18, 2017 order and written statement of reasons, the court required Benedetto to pay $28,000 to McGuigan by October 18, 2017. After finding that service of Benedetto's motion for an enhanced fee was not effectuated on McGuigan, the court reconsidered Benedetto's enhanced fee application and reversed the award. The court then reviewed the history of this matter and concluded that Benedetto was not entitled to an enhanced fee because his "efforts [did] not appear to the [c]ourt to be anything extraordinary, warranting an enhanced fee."

Benedetto did not return the enhanced fee. Instead, he filed a motion for reconsideration. The court entered an order on November 20, 2017 denying the motion.

On appeal, Benedetto argues the court erred in ordering him to pay the enhanced fee to McGuigan and in denying his motion for reconsideration. These arguments lack merit.

Benedetto did not properly serve McGuigan with his motion for an enhanced fee. Thus, the court properly reversed the enhanced fee award. See R. 1:21-7(f) (requiring written notice to client of the fee application).

In addition, Benedetto did not meet his burden to show he was entitled to an enhanced fee because the fee of $136,483.55 permitted by Rule 1:21-7(c) was inadequate. See In re Estate of F.W., 398 N.J. Super. 344, 356 (App. Div. 2008). Applications for a fee in excess of the amount permitted by Rule 1:21-7(c) "are reserved for exceptional cases." Ibid. "The claim of inadequacy must be substantial and thoroughly documented and cannot rest merely on the claim of a successful result in a generally difficult type of litigation without a showing of the particular difficulty of the specific litigation in question." Pressler & Verniero, Current N.J. Court Rules, cmt. 7 on R. 1:21-7(f) (2019). As we have held:

> In order to be entitled to an increased fee over and above that provided by . . . [Rule 1:21-7(c)] the attorney must demonstrate that (1) the fee allowed under the rule is not reasonable compensation for the services actually rendered, and (2) the case presented problems which required exceptional skills beyond that normally encountered in such cases where the case was unusually time consuming.
>
> [Estate of F.W., 398 N.J. Super. at 356 (quoting Wurtzel v. Werres, 201 N.J. Super. 544, 549 (App. Div. 1985)).]

8

This case was not an exceptional or difficult case that required an enhanced fee. It was a simple personal injury case where liability and damages seemed clear. The case settled without trial, and the services Benedetto rendered to reach that result were not beyond those normally rendered in a case such as this. There is no evidence that the $136,483.55 fee permitted under Rule 1:21-7(c) was not reasonable compensation for the services Benedetto actually rendered, both before and after the settlement, or that "the case presented problems which required exceptional skills beyond that normally encountered in such cases where the case was unusually time consuming." Id. at 356 (quoting Wurtzel, 201 N.J. Super. at 549). There also is no support for the amount of the enhanced fee. For these reasons, we conclude that Benedetto was not entitled to an enhanced fee and must return the $28,000 to McGuigan.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1869-17T3